ADAM I. GAFNI, Cal. Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, CA 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff, VINCENT KHOURY TYLOR

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KHOURY TYLOR, an individual<br><br>Plaintiff,<br><br>v.<br><br>PTN INC., dba PRO TRAVEL NETWORK and DOES 1-10<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff VINCENT KHOURY TYLOR files this Complaint against Defendants PTN INC., dba PRO TRAVEL NETWORK and DOES 1-10 and alleges as follows:

## I.
## JURISDICTION AND VENUE

1. This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United States

Copyright Act, 17 U.S.C § 101 et. seq.

2. ***Subject Matter Jurisdiction.*** This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 28 U.S.C § 1338(a) because this matter is brought under 17 U.S.C § 101 et seq.

3. ***Venue.*** Venue properly lies within this district pursuant to the provision of 28 U.S.C. § 1391(b) and (c) and 1400(a) in that Defendants reside and/or are headquartered in this judicial district and a substantial part of the events giving rise to the claims occurred in this District, including having engaged in the act of copyright infringement within this district.

4. ***Personal Jurisdiction***. Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years and continuing to the date of this Complaint Defendants reside and/or operate commercial businesses headquartered within this judicial district and/or through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; operate websites that are accessible to and accessed by residents in the State of California and those within this judicial district; the copyright infringement that gave rise to this law suit occurred within this judicial district, or otherwise have sufficient contacts with the State of California.

## II.

## THE PARTIES

5. Plaintiff Vincent Khoury Tylor ("Plaintiff") is a resident of the State of Hawaii and is a renowned professional photographer specializing in Hawaiian landscapes. Plaintiff operates the website www.hawaiianphotos.net and regularly sells his copyrighted images across the United States, including in Hawaii and California. Plaintiff's photographs are copyrighted images and Plaintiff works

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

vigorously, through sending DMCA notices as well as cease and desist letters, to protect his copyrighted images.

6. Plaintiff is informed and believes that Defendant PTN, Inc., dba Pro Travel Network (hereinafter "Defendant" or "PTN") is a corporation registered to do business in California with its principal place of business in Fresno, California. Plaintiff is further informed and believes that during at least some of the relevant time period of the infringing activity (including as of the date of filing this Complaint) PTN was a forfeited corporation by the State Franchise Tax Board.

7. Plaintiff is informed and believes that Pro Travel Fresno is part of the retail division of PTN.

8. Plaintiff is informed and believes that Defendant owns, manages, supervises, and/or controls commercial marketing websites including, *inter alia*, http://www.protravelnetwork.com (and associated sub-Uniform Resource Locators (URLs)), http://www.protravelfresno.com (and associated sub-Uniform Resource Locators (URLs)), a corporate Facebook page (*i.e.* https://facebook.com/protravelnetwork), and a corporate YouTube channel (hereinafter, collectively, the "Websites").

9. Plaintiff is informed and believes that Defendant uses the Websites to advertise, market, and promote its travel agency business in order to maintain and generate business.

10. Plaintiff does not presently know the true names and capacities of the Defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendant, or through entering into a conspiracy and agreement with the known Defendant to perform these acts for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave

from the Court to amend this Complaint to set forth their true names, identities, and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendant are referred to collectively as "Defendants."

11. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## III.
## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

13. Plaintiff created the six (6) photographs at issue in this case, which are duly registered under his name with the United States Copyright Office as:

| **Registration Number(s)** | **Description** |
|---|---|
| Registration number VA 1-696-555, and described in supplemental registration VA 1-432-741 | 1. O-23 Waikiki Dusk Web-LG.jpg<br>2. O-06 Hanauma Bay Wide Web-LG<br>3. O-08 Waikiki from Top of DiamondHead Web-LG.jpg<br>4. M-25 Kaanapali Beach Web-LG.jpg<br>5. K-36 Haena Beach Web-LG.jpg |
| Registration number VA 1-759-562 | 6. O-01 Waikiki-Pink boat ORIGINAL VERSION.jpg |

(collectively, the "Photographs").

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

14. Plaintiff is informed and believes that the Photographs were registered prior to the infringement alleged herein occurring.

15. The Photographs are original works to which Plaintiff, as the sole copyright owner, holds the exclusive right to reproduce, publicly distribute, and publicly display, pursuant to 17 U.S.C §§ 106 and 501.

16. The Photographs were not a "work for hire." Plaintiff incurred substantial time and expense in creating the Photographs.

17. Within the last three years, Defendants, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs to a global audience on the World Wide Web via the Websites on at least the following URL/links:

ON DEFENDANT'S OWN COMMERCIAL WEBSITES:

http://www.protravelfresno.com/fresno-to-hawaii-vacations-packages

http://www.protravelfresno.com/images/img-hawaii07.jpg

http://www.protravelnetwork.com/new/aboutus/

http://www.protravelnetwork.com/editorimages/1355339921img.jpg

http://protravelnetwork.com/cruise/MAIN

http://protravelnetwork.com/inclusive/MAIN

http://protravelnetwork.com/vacations/MAIN

http://protravelnetwork.com/custom_tours/MAIN

http://protravelnetwork.com/inclusive/SHOWARD

http://protravelnetwork.com/cruise/SHOWARD

http://protravelnetwork.com/vacations/SHOWARD

http://protravelnetwork.com/custom_tours/7SHOWARD

http://www.protravelfresno.com/inclusive.php

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

http://www.protravelfresno.com/family-vacations.php

http://www.protravelfresno.com/custom_tours.php

http://www.protravelfresno.com/cruise_vacations.php

http://www.protravelfresno.com/detail.php?url=06ek1KSimqqn25jfzKeV197n3ZSmydbi0ZmV1t2hzqKdk83cmpie2M/lmZSj1Knm1KeVocDDv3lnm5DU2KNryNPlqKKWytyZzKCgn7nZ0Ziirc6wnWxlmaCkow==

http://protravelnetwork.com/custom_tours/detail.php?url=06ek1KSimqqn25jfzKeV197n3ZSmydbi0ZmV1t2hzqKdk83cmpie2M/lmZSj1Knm1KeVocDDv3lnm5DU2KNryNPlqKKWytyZzKCgn7nZ0Ziirc6wnWxlmaCkow==

http://www.latesttraveloffers.com/images/OfferInput/197193ClassicHawaiiAirCredit.JPG

http://www.protravelfresno.com/

http://www.protravelnetwork.com/SHOWARD

http://www.protravelnetwork.com/jessica

http://www.protravelnetwork.com/gracesvacations

http://www.protravelfresno.com/?page_id=6

http://protravelnetwork.com/jazz

http://protravelnetwork.com/travelwithrobi

http://protravelnetwork.com/agentsonly/crm/admin/images/agentsonly_home_images/agentsonly_home_images_3.jpg

http://www.protravelfresno.com/admin/images/home_images/home_images_20.jpg

http://protravelnetwork.com/inclusive/mchale

http://protravelnetwork.com/vacations/mchale

http://protravelnetwork.com/custom_tours/mchale

http://protravelnetwork.com/cruise/mchale

http://www.latesttraveloffers.com/images/OfferInput/197193ClassicHawaiiAirCredit.JPG

http://protravelnetwork.com/cruise/detail.php?url=06ek1KSimqqn25jfzKeV197n3ZSmydbi0ZmV1t2hzqKdk83cmpie2M/lmZSj1Knm1KeVocDDv3lnm5DU2KNryNPlqKKWytyZzKCgn7nZ0Ziirc6wnWxlmaCkow==

http://www.protravelnetwork.com/new/testimonials/

6

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

http://www.protravelnetwork.com/editorimages/1355339921img.jpg

ON DEFENDANT'S COMMERCIAL FACEBOOK PAGES:

http://www.facebook.com/protravelfresno;
https://www.facebook.com/protravelfresno/photos_stream;

http://www.facebook.com/photo.php?fbid=463942576984945&set=a.136593736386499.24641.125211217524751&type=1&theater;

http://www.facebook.com/protravelfresno;

http://www.facebook.com/media/set/?set=a.136593736386499.24641.125211217524751&type=3;

http://www.facebook.com/photo.php?fbid=383424775036726&set=a.136593736386499.24641.125211217524751&type=3&theater;

http://www.facebook.com/photo.php?fbid=240678245978047&set=a.136593736386499.24641.125211217524751&type=3&theater;

http://www.facebook.com/photo.php?fbid=412386842140519&set=a.136593736386499.24641.125211217524751&type=3&theater

18. Within the last three years, Defendants, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs through the creation of a video that included the Photographs to a global audience on the World Wide Web via videos posted on YouTube to advertise and promote their travel agency business on at least the following URL/links:

http://www.youtube.com/watch?v=hQyCiEsEZeQ&feature=plcp;

http://www.youtube.com/watch?v=Khco_XGoZHg&list=UUlXhTja_Ue-eFcIvpt5i0Kg&index=2&feature=plcp

http://www.youtube.com/watch?v=19E1Yd1AdsM&list=UUlXhTja_Ue-eFcIvpt5i0Kg&index=10&feature=plcp

19. Plaintiff is informed and believes that within the last three years, Defendants, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs to a global audience via printed

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

and/or digital promotional or advertising materials for their travel agency which they then uploaded, displayed, and distributed through their commercial websites, Facebook pages, and/or other sites.

20. At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy, or reproduce Plaintiff's Photographs.

21. Plaintiff is informed and believes that Defendants unlawful copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, public display and distribution of the Photographs to a global audience on the World Wide Web via the Websites, their YouTube channel, and on printed or digital promotional materials constitutes direct copyright infringement.

22. Plaintiff is informed and believes that Defendants copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs with actual and/or constructive knowledge, that they did not have consent and/or a license to use the Photographs in the manner in which they were used in willful violation of Plaintiff's copyrights.

23. Plaintiff is further informed and believes that Defendants continued to publicly display and distribute the Photographs on the website [www.protravelnetworkcom](www.protravelnetworkcom), and/or other sites, after receiving actual knowledge of the infringement by way of a cease-and-desist letter they received from Plaintiff containing the infringing links.

24. Defendants' unauthorized copying/reproducing, uploading/downloading, public display and distribution as alleged herein has caused Plaintiff damages.

25. Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing, and causing irreparable damages to Plaintiff for which he has no adequate remedy of law.

26. Defendants' unlawful use of copies of Plaintiff's original photographic

works has diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiff.

27. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

28. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

29. Defendants, by their unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

30.  Because Defendants used Plaintiff's copyrighted photographic works without licenses, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publication and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

## IV.
## DIRECT COPYRIGHT INFRINGEMENT
### 17 U.S.C. §§ 106 and 501

31.  Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

32.  Plaintiff owns all rights, titles, and interest in and to the copyrights for the Photographs, the use of which has not been licensed to Defendants.

33. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. sections 101 et seq. and 501 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute, and publicly display the Photographs.

34. Defendants have misappropriated Plaintiff's copyrights in the Photographs through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the images on their commercial Websites, You Tube page, and/or other outlets.

35. Defendants misappropriated Plaintiff's copyrights in the Photographs with actual and/or constructive knowledge that the Photographs at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photographs.

36. Defendants' acts constitute willful direct copyright infringement in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.)

37. As a direct and proximate result of Defendants' infringement, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of the acts of infringement alleged above. At present, the amount of damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for the infringement of his copyrights alleged herein of up to $150,000.00 per infringement.

38. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

# V.

## SECONDARY COPYRIGHT INFRINGEMENT

### 17 U.S.C. § 101 *et seq.* (Contributory and Vicarious)

39. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

40. By the actions alleged above, Defendants had either constructive knowledge or actual knowledge and/or had reason to know of the infringing activity alleged herein and that Defendants had no right to copy, upload, display, distribute, or download the Photographs and consciously disregarded such knowledge.

41. Plaintiffs are informed and believe that Defendants continued to infringe on Plaintiffs' copyrights by continuing to copy, publicly display, and distribute the Photographs even after receiving constructive and/or actual knowledge of the infringing activity.

42. Plaintiffs are informed and believe that by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement, including but not limited to those downstream users that viewed and/or downloaded the image online.

43. Defendants' conduct constitutes contributory (and inducement) copyright infringement of Plaintiffs' exclusive rights in the Photographs in violation of 17 U.S.C. §§ 106 and 501.

44. Plaintiffs are informed and believe that Defendants had the right and ability to control the infringing conduct alleged above occurring on Defendants' Websites and have derived, or have attempted or intended to derive, a direct financial benefit from the infringing display and use of the Photographs. Such conduct constitutes vicarious infringement of Plaintiffs' copyrights and exclusive rights under the copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 and 501).

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

45.  As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seek to recover statutory damages for Defendants' infringements of his copyrights of up to $150,000.00 per infringement.

46.  Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

**WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:**

    1.  For Plaintiff's actual damages.

    2.  For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.

    3.  For maximum statutory damages under the Copyright Act of up to $150,000.00 per infringement.

    4.  For prejudgment interest.

    5.  For attorneys' fees and costs.

    6.  For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

        a.  enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyrights (whether now in existence or hereafter created) or

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

exclusive rights under copyright, and

      b.    the seizure of all property made in, or used to assist in, the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the Photographs, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast, or archive the Photographs, and

      c.    enforce third party contractual obligations that are beneficial to Plaintiff or to enforce third party rights and fully terminate said contract due to Defendants failure to perform obligations under such contract.

7.    For such other and further relief as this Court deems just and appropriate.

Dated: October 9, 2015            LAW OFFICES OF ADAM I. GAFNI

                                   By: /s/ Adam I. Gafni
                                   Adam I. Gafni
                                   Attorney For Plaintiff
                                   VINCENT KHOURY TYLOR

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 9, 2015               LAW OFFICES OF ADAM I. GAFNI

                                     By: /s/ Adam I. Gafni
                                     Adam I. Gafni
                                     Attorneys For Plaintiff
                                     VINCENT KHOURY TYLOR