# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PTN, INC. dba PRO TRAVEL NETWORK and DOES 1-10,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:15-cv-01543-SKO<br><br>**ORDER STRIKING STIPULATION FOR DISMISSAL**<br><br>(Doc. 34) |

　　　　On April 19, 2016, Plaintiff Vincent Khoury Tylor ("Plaintiff") filed a "Stipulation for Dismissal" (Doc. 34) stating that the case has been settled and requesting, pursuant to Fed. R. Civ. P. 41(a)(2)[1], that the Court dismiss this action with prejudice as to Defendant PTN Inc., dba Pro Travel Network ("Defendant") and without prejudice as to the Doe Defendants.  The Stipulation indicates it is submitted by Plaintiff and Defendant "though their respective counsel of record," and is signed by Plaintiff's counsel Adam I. Gafni and Jessica Henderson, the Chief Operating Officer of Defendant.

　　　　Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), "the plaintiff may dismiss an action without a court order by filing. . . .a stipulation of dismissal signed by all parties who have appeared." Defendant, a corporate entity, "may appear in the federal courts only through licensed counsel."

---

[1] Fed. R. Civ. P. 41(a)(2) governs voluntary dismissals by court order, in the absence of a stipulation of dismissal. Since Plaintiff filed a "Stipulation for Dismissal," the Court assumes that he intended to proceed under Fed. R. Civ. P. 41(a)(1)(A)(ii), which authorizes dismissal of an action without a court order "by filing a stipulation of dismissal signed by all parties who have appeared."

*Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 829 (1824). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

Presently there is no counsel of record for Defendant. Moreover, there is no indication that Ms. Henderson, who signed the Stipulation in her capacity as Defendant's Chief Operating Officer, is a licensed attorney authorized to appear on behalf of Defendant. Because Defendant cannot sign a stipulation of dismissal on its own behalf, the Court finds the parties' Stipulation of Dismissal is defective and orders it STRICKEN from the docket.

In the event that Defendant is unwilling or unable to obtain counsel through which it may stipulate to Plaintiff's voluntary dismissal, Plaintiff may file his request for dismissal under Fed. R. Civ. P. 41(a)(2), which authorizes the Court to dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper."

IT IS SO ORDERED.

Dated:   **April 21, 2016**                         **/s/ Sheila K. Oberto**
                                                                 UNITED STATES MAGISTRATE JUDGE